UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JUDY KIRBY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:17-cv-02436-SEB-TAB |
| | ) |
| SUPERINTENDENT, | ) |
| | ) |
| Respondent. | ) |

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS
AND DIRECTING ENTRY OF FINAL JUDGMENT**

On May 9, 2018, the Court reviewed Judy Kirby's petition for a writ of habeas corpus challenging her conviction in a prison disciplinary proceeding identified as No. IWP 16-09-0105. Dkt. 12. In that Entry, the Court discussed the incident that led to Ms. Kirby's disciplinary charge, the proceeding that resulted in her conviction, and the four grounds for relief she asserted in her habeas petition. The Court found that three of those grounds failed to merit habeas relief but directed the parties to supplement their filings to address Ms. Kirby's assertion that she was denied her right to a hearing before an impartial decisionmaker. In this Entry, the Court addresses only that issue.

**I. Factual Background**

In her petition, Ms. Kirby states under penalty of perjury that, an hour before her disciplinary hearing, she received a "move slip for lock." Dkt. 1 at 3. The Court understands this to mean that, an hour before her hearing was scheduled to begin, she received orders to move to disciplinary segregation. At the conclusion of her hearing, the sanctions imposed against Ms. Kirby included 90 days' confinement in disciplinary segregation. *See* dkt. 10-7. This raises the

appearance that the hearing officer decided that Ms. Kirby was guilty and put her sanctions into effect before allowing her an opportunity to present her case at the hearing.

The respondent supports her supplemental response with an affidavit from Janet O'Neal, who is currently a Supervisor of Classification at Indiana Women's Prison (IWP). Dkt. 15-2. Ms. O'Neal attests that the disciplinary segregation unit at IWP is "constantly full" and that moving an inmate into that unit often requires the staff to release another inmate from segregation early. *Id.* at ¶¶ 5–6. Therefore, "[w]hen a disciplinary hearing officer believes it is possible that an offender will be found guilty and given segregation as a sanction, the hearing officer customarily notifies the Restricted Status Unit Officer and Count Desk Staff of the possible need to clear out a bed in segregation." *Id.* at ¶ 7.

While Ms. O'Neal's affidavit provides insight as to the current practice of assigning IWP inmates to disciplinary segregation, the respondent has not tendered any evidence regarding the procedure used in Ms. Kirby's case. The hearing officer, Sergeant Renee Todd, is no longer employed at IWP. Dkt. 15. The respondent has not presented an affidavit from Sergeant Todd or any documentary evidence to refute Ms. Kriby's statement that she received orders to move to disciplinary segregation before her hearing began.

## II. Legal Standard

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. A prisoner's due process rights in a disciplinary proceeding include a right "to present testimony and documentary evidence to an impartial decision-maker." *Piggie v. Cotton* (*Piggie II*), 344 F.3d 674, 677 (7th Cir. 2003).

A "sufficiently impartial" decision-maker is necessary in order to shield the prisoner from the arbitrary deprivation of her liberties. *Gaither v. Anderson*, 236 F.3d 817, 820 (7th Cir. 2000) (per curiam). Hearing officers "are entitled to a presumption of honesty and integrity" absent clear evidence to the contrary. *Piggie v. Cotton* (*Piggie I*), 342 F.3d 660, 666 (7th Cir. 2003); *see Perotti v. Marberry*, 355 F. App'x 39, 43 (7th Cir. 2009) (citing *Withrow v. Larkin*, 421 U.S. 35, 47 (1975)). Indeed, the "the constitutional standard for impermissible bias is high," and hearing officers "are not deemed biased simply because they presided over a prisoner's previous disciplinary proceeding" or because they are employed by the prison. *Piggie I*, 342 F.3d at 666.

It is well-settled that the presumption of impartiality is overcome—and an inmate's right to an impartial decision-maker is breached—when the hearing officer has been "directly or substantially involved in the factual events underlying the disciplinary charges, or in the investigation thereof." *Piggie I*, 342 F.3d at 667. This Court has made clear, however, that a hearing officer's partiality may manifest itself through other actions. *See Boyd v. Brown*, No. 2:15-cv-00006-JMS-MJD, 2016 WL 4440399, at *3 (S.D. Ind. Aug. 23, 2016) ("There is admittedly little appellate authority on other potential instances of bias in disciplinary cases, however, the determination of bias cannot only be restricted to questions dealing with direct involvement.").

### III. Analysis

The Court finds that the prison staff executed an order reassigning Ms. Kirby to disciplinary segregation before her disciplinary hearing commenced and that this denied her due process right to a hearing before an impartial decision-maker. Although the Court is unaware of any judicial decision that has confronted this specific issue, the Court hardly views this as a bold decision. Due process undeniably assures a prisoner charged with a disciplinary violation of a right to be heard by an impartial decision-maker. *Piggie II*, 344 F.3d at 677. That assurance is empty if the law

permits the decision-maker to adjudge the prisoner guilty and begin implementing her sanctions before the hearing begins.

In her supplemental response, counsel for the respondent states that the hearing officer "did not prejudge the case so as to deny Kirby her right to an impartial hearing officer. She simply notified the necessary personnel of the possibility that another offender would need a bed in segregation." Dkt. 15 at 3. But no evidence supports this assertion. The respondent has simply presented evidence showing that it is *customary* for a hearing officer to notify appropriate personnel before a hearing that a space in disciplinary segregation *may* be needed. Dkt. 15-2 at ¶ 7. But Ms. Kirby has presented competent evidence that she was *actually ordered* to relocate to disciplinary segregation before her hearing began. *See* dkt. 1 at 3. The absence of contradictory evidence compels the conclusion that Sergeant Todd deemed Ms. Kirby guilty before the hearing began and therefore the disciplinary proceeding without the impartiality that due process demands.

### IV. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff v. McDonnell,* 418 U.S. 539, 558 (1974). Because Ms. Kirby was denied due process in disciplinary proceeding No. IWP 16-09-0105, her disciplinary conviction and the sanctions imposed must be **VACATED AND RESCINDED**. Ms. Kirby's petition for a writ of habeas corpus is **GRANTED**. Her earned credit time and credit-earning class must be **IMMEDIATELY RESTORED**, and her release date must be recalculated accordingly.

**IT IS SO ORDERED.**

Date: 1/16/2019

*Sarah Evans Barker*
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

JUDY KIRBY
107788
INDIANA WOMENS PRISON
INDIANA WOMENS PRISON
Inmate Mail/Parcels
2596 Girls School Road
Indianapolis, IN 46214

Frances Hale Barrow
DEPUTY ATTORNEY GENERAL
frances.barrow@atg.in.gov